U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 04 2008

LAWRENCE K. BAERMAN, Clerk
UTICA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

MCK BUILDING ASSOCIATES, INC.,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Criminal No.
07-CR-557 (DNH)

PLEA AGREEMENT

GLENN T. SUDDABY, United States Attorney for the Northern District of New York (by Michael C. Olmsted, appearing) and MCK BUILDING ASSOCIATES, INC., (with Kevin McCormack, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendants:

1. In return for the consideration described below, MCK agrees as follows:

    a. The Defendant will waive Indictment and enter a plea of "Guilty" to Count 1 of Information 07-CR-557, charging MCK with filing a false tax return, in violation of 26 U.S.C. Section 7206(1).

    b. The Defendant will pay the stipulated fine set out in paragraph 7 of this Agreement in satisfaction of the charge set out in Count 1 of the Information, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

2. Potential Penalties. MCK understands that its guilty plea to Count 1 of the

Information would subject them each to the following potential statutory penalties, subject to the stipulation on sentencing set out in Paragraph 7:

    a.    Maximum fine: $500,000. (26 U.S.C. Section 7206)

    b.    Probation: 5 years. The organizations can be sentenced to a term of probation pursuant to 18 U.S.C. § 3561.

    c.    Special Assessment: The Defendant will be required to pay an assessment of $400, which is due and payable at or before the time of sentencing. (18 U.S.C. § 3013) The Defendants each agree to deliver a check or money order to the Clerk of the Court in the amount of $400, payable to the U.S. District Court at the time of sentencing.

    d.    Interest and penalties: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendants' sentence, from as early as the date of sentencing.

3.    In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, MCK agrees fully to disclose all assets in which it has any interest or over which it exercises control, directly or indirectly, including those held by a nominee or other third party. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that its financial statement and disclosures will be complete, accurate and truthful.

    a.    The Defendant will provide any privacy waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify their financial disclosures and authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information provided by the Defendant to the U.S. Probation Office.

b.  The Defendant certifies that it has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon them by the Court. In addition, the Defendant promises that it will make no such transfers in the future.

4.  **Elements of the Offense.** MCK understand that the legal elements of the offense stated in 26 U.S.C. Section 7206(1), are as follows:

a.  FIRST, that the defendant, acting through its agents, made and signed a Corporate Income Tax Return for the year 2001 that contained a written declaration that it was signed subject to the penalties of perjury;

b.  SECOND, that the return omitted information or contained false information, as to a material matter, as detailed in the Information;

c.  THIRD, that the defendant knew that this information was omitted or was false; and

d.  FOURTH, that, in filing the false tax return, the defendant acted willfully.

5.  **Factual Basis for the Plea.** MCK admits the following facts, which establish its guilt on the offense stated in 26 U.S.C. § 7206(1):

a.  From before 2000 until the present, MCK has been engaged in the business of general contracting and project development.

b.  In the course of performing on a construction project, MCK knowingly booked a series of expenses as deductible expenses attributable to the project, which were not deductible expenses, and were not attributable to that project, but were carried as such on its corporate books and records.

      c.      On or about June 14, 2002, MCK, through its agents, filed a Corporate Income Tax Return (Form 1120S), relying on its corporate books and records, thereby incorporating the improperly booked expenses. As such, MCK filed a false tax return, in that it knowingly understated the net income of the corporation by utilizing false deductions and writing off non-deductible expenses.

6.      In exchange for the plea of guilty to 26 U.S.C. § 7206(1), by MCK and its continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

      a.      The United States will bring no further federal criminal charges against MCK or against its two principals, for any actions described in the Information.

      b.      If the guilty plea to Count 1 of the Information is later withdrawn or vacated, the charges dismissed or not prosecuted pursuant to this Agreement may be reinstated and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges. The Defendant and its two principals waive any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

      c.      The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Count 1 of the Information.

7.      <u>Sentencing and Sentencing Guidelines Calculation</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Government and MCK agree that the sentence of a $30,000 fine, and a special assessment of $400, is the appropriate disposition of this case (hereinafter referred to as "the agreed

disposition"). The decision whether to accept this agreed disposition is an essential part of the acceptance of the plea, which is exclusively for the Court to determine. U.S. Attorney's Office and MCK set out the following tentative Guideline calculation in order to establish why the parties believe that the agreed disposition is appropriate and in conformity with the policy and purposes of the Sentencing Guidelines.

    a.    The tax loss associated with the conduct in this case exceeds $20,000 but does not exceed $30,000, which leads to a Guideline offense level of 12.

    b.    Where a Defendant demonstrates "acceptance of responsibility" for the offense of conviction through the time of sentencing, the defendant would likely be entitled to either (1) a 2-level downward adjustment in the total offense level pursuant to U.S.S.G. § 3E1.1(a), or (2) a 2-level adjustment to the "culpability score" under § 8C2.6.

    c.    The Defendant's Culpability Score cannot be definitively determined prior to the completion of the presentence investigation. At a minimum, the culpability score is 3, allowing a multiplier of between 0.60 and 1.20, pursuant to § 8C2.6, which, when applied to a total offense level of 12, leads to a possible fine in the amount of $24,000 to $48,000. A culpability score of 5 would allow a multiplier of between 1.00 and 2.00, which, when applied to a total offense level of 10, leads to a possible fine of $20,000 to $40,000.

    d.    Given that the tax loss is at the lower end of the $20,000 - $30,000 range, and that the principals will be required to pay the appropriate taxes, together with interest and penalties, the agreed upon disposition of a $30,000 fine is an appropriate figure within the likely Guideline ranges of $20,000 to $48,000.

    8.    Should the U.S. Attorney's Office determine that the Defendant, after the date of this

Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has otherwise breached any condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part. In the event of any such breach, the Defendant will not be permitted to withdraw his guilty plea under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed not to prosecute in this Agreement.

      a.    The Defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution. Moreover, in connection with any such prosecution, any information, statement, or testimony provided by the Defendant, and all leads derived therefrom, may be used against him, without limitation. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

9.    This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability, including the civil tax liability of the principals of the Defendant.

10.    If the Court rejects the provisions of this Agreement permitting the Defendant to

plead guilty to 26 U.S.C. § 7206(1) in satisfaction of other charges, or if the Court is unwilling to impose the agreed disposition set out above, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Court will afford the Defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) and (d).

11. The Defendant acknowledges that it has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

    a. The Defendant understands its right to assistance of counsel at every stage of the proceeding and have discussed its constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, it will be giving up its rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; and (v) to present evidence in its defense.

    b. The Defendant has been advised by defense counsel of the nature of the charges to which it is entering a guilty plea. The Defendant has further been advised by defense counsel of the nature and range of the possible sentence, as described above.

12. **Waiver of Appeal.** The Defendant acknowledges that it has been thoroughly advised of its right to appeal and/or to collaterally attack the conviction and sentence in this case and that it fully understands those rights. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack the judgment of conviction or a sentence incorporating the agreed disposition specified above.

13. No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by

all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

                                                    GLENN T. SUDDABY  
                                                    United States Attorney  
                                                    Northern District of New York

Dated: __11/15__, 2007    By: _____  
                                                    Michael C. Olmsted  
                                                    Assistant U.S. Attorney

Dated: __11/5__, 2007         _____  
                                                      Kevin E. McCormack  
                                                    Attorney for MCK Building Associates, Inc.  
                                                    Bar Roll No. 506130